# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0603, <u>In the Matter of Katherine Makris and Brian Makris</u>, the court on November 24, 2021, issued the following order:**

Having considered briefs of the parties and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The respondent, Brian Makris (Husband), appeals an order of the Circuit Court (<u>Derby</u>, J.) modifying his child support obligation from paying $4,250 in monthly support to paying $2,167 in such support. To the extent that he seeks to challenge in this appeal the trial court's November 2019 order finding him in contempt, we agree with the petitioner, Katherine Makris (Wife), that the validity of that order is not properly before us. We affirm.

Trial courts have broad discretion in reviewing and modifying child support orders. <u>In the Matter of Greenberg & Greenberg</u>, 174 N.H. 168, 171 (2021). They are in the best position to determine the parties' respective needs and their respective ability to meet those needs. <u>Id</u>. We will not disturb the trial court's rulings regarding child support absent an unsustainable exercise of discretion or an error of law. <u>Id</u>. at 171-72. We review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made. <u>Id</u>. at 172. Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. <u>Id</u>. We will not substitute our judgment for that of the trial court. <u>Id</u>. Nor will we reweigh the equities. <u>Id</u>.

Husband first argues that the trial court impermissibly equated net income from his limited liability company, for which he is the sole member, with his personal income for child support purposes. He contends, in effect, that because he does not pay himself a salary from his limited liability company, the company's net income cannot be attributed to him. We disagree.

"Gross income" for child support purposes is defined as "all income from any source, whether earned or unearned, including, but not limited to, wages, salary, commissions, tips, annuities, social security benefits, trust income, lottery or gambling winnings, interest, dividends, investment income, net rental income, self-employment income, alimony, business profits, pensions, bonuses," and payments from certain government programs. RSA 458-C:2, IV (2018).

We have held that, for child support purposes, "self-employment income" means "self-employment income net of legitimate business expenses incurred for the purpose of earning that income." In the Matter of Woolsey & Woolsey, 164 N.H. 301, 306 (2012). Legitimate business expenses are those expenses that are "actually incurred and paid" and "reasonable and necessary" for producing income. Id. at 307 (quotations omitted). "It is for the trial judge to determine whether claimed expenses meet those criteria." Id.

Here, the undisputed evidence is that Husband is self-employed and is the sole member of his limited liability company. Under these circumstances, we conclude that the trial court did not err by attributing the limited liability company's net income to Husband for child support purposes.

Husband next asserts that the trial court erred by adding $1,500 in net monthly rental income to his income because the lease agreement between his car wash business and another such business did not provide that he would be personally paid $1,500 and there was no evidence at the hearing that he was paid that amount. However, the lease agreement expressly provides that he is to be paid a "lease royalty" of $1500 monthly." Although Husband testified that the "lease royalty" check was payable to his car wash business and not to him personally, the trial court was not required to credit that testimony. Indeed, the trial court found that all of Husband's testimony about his car wash business was not credible. "The trial court's discretion necessarily extends to matters such as assigning weight to evidence and assessing the credibility and demeanor of witnesses." In the Matter of Greenberg & Greenberg, 174 N.H. at 172. We defer to that discretion. See id.

Husband next contends that the trial court erred by requiring him to pay $2,167 in monthly child support and $400 per month towards an arrearage because the court "failed to take into account [his] actual ability to pay these amounts." In a case such as this, involving a self-employed obligor, the relevant inquiry is whether the net income from his limited liability company and the $1,500 in monthly net rental income were available to pay child support. See In the Matter of Albert & McRae, 155 N.H. 259, 264 (2007). Based upon our review of the record submitted on appeal, we conclude that the trial court reasonably found that the net income from Husband's limited liability company and the monthly net rental income were available to pay child support. Therefore, we conclude that the trial court reasonably found that Husband had the ability to pay the child support ordered. See In the Matter of Costa & Costa, 156 N.H. 323, 331 (2007) (explaining that we assume that the trial court made all findings necessary to support its decision). As Wife correctly observed in her objection to Husband's motion for reconsideration,

"[s]imply because a self-employed obligor chooses not to pay him or herself with their business profits, does not mean that there is no ability to pay."

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**